This will ought not to be admitted to probate.

---

(Superior Court of Cincinnati.)
Special Term, 1900.

FRANCIS v. MvCABE et al.

---

Where a verbal contract *may* be performed within a year it is not within the statute of frauds.

---

On motion for a new trial.
DEMPSEY, J.

The only point on which this motion was reserved for consideration was the defendants' contention that the contract was within the statute of frauds because not performable within a year. Reliance is had upon 41 O. S., 146, Jones v. Pouch; but that case as I read it is against the defendants herein. As I found the contract herein to be, there was no definite period fixed for its continuance. The plaintiff was to have a certain percentage of proceeds from contracts that he would procure. It was something in the nature of a service contract, or contract of hiring, where nothing is said as to the time. It was continuing in its nature, and services under it were likely to be rendered and finally completed, and the contract itself fully performed as between the parties within the year. Where the contract by its terms is *not* to be performed, fully completed, within the year, the statute applies; but where under the contract's terms, it may be performed, is capable of being fully completed, within the year the statute does not apply (see Westrop v. Westrop, 13 C. C., 244, where the authorities in Ohio and elsewhere are reviewed). In my judgment the defendants' point is not well taken, and the motion is denied.

James J. Smiley for the motion.
L. H. Pummill contra.